ORIGINAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
Dallas Division

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
     FILED

    DEC – 8 2009

CLERK, U.S. DISTRICT COURT
By _____
          Deputy
```

Eric M. Sanders,
  a resident of Georgia,

    Plaintiff,

vs.

Harold H. Flanders
  a resident of Texas,

    Defendant.

§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. _____

**3-09CV2336-N**

**0126PM**

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, Eric M. Sanders, for his claims against Defendant and alleges as follows:

### THE PARTIES

1.    Plaintiff, Eric M. Sanders, is a resident of Georgia with an address at 308 Arlington Circle, Canton, Georgia, 30114.

2.    Defendant Harold H. Flanders is a resident of Texas with an address of 904 Sweetwater Cove, Round Rock, Texas 78681.

3.    The Plaintiff reserves the right to add any professional corporation, limited liability company, partnership or other form of business entity in which any individual Defendant is or was associated with at the time of the acts and omissions made the subject of this suit.

## JURISDICTION AND VENUE

4.    This is a suit for legal malpractice, professional negligence, negligent misrepresentation, gross negligence, and breach of fiduciary duties involved with the prosecution of at least seven patent applications before the United States Patent & Trademark Office, and any and all other causes of action the Plaintiff an action arising out of an attorney-client relationship previously existing between the Plaintiff and the Defendants as it relates to the Patent laws of the United States and the laws of the State of Texas.

5.    The court has personal jurisdiction over the Defendant because he has established minimum contacts with the State of Texas relating to the controversy at issue such that the exercise of jurisdiction over the Defendants comports with due process requirements either because the Defendant is a citizen of the State of Texas or because the Defendant has purposefully availed himself of the rights and privileges of the State of Texas.  Further, the Defendant has committed negligent acts, omissions and breaches of fiduciary duties in whole or in part in the State of Texas, which includes the committing legal malpractice with respect to the filing and prosecution of at least seven patent applications before the United States Patent & Trademark Office.

6.    The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338, and 1367 because there is complete diversity of citizenship between the Plaintiff and the Defendants, the amount in controversy exceeds $75,000, there is a Federal Question involved because this civil action arises under the Patent laws of the United States, and this Court has either original or supplemental jurisdiction over all of the claims at issue in this Action.

7.    Venue properly lies in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(a).

Original Complaint

# FACTUAL BACKGROUND

## *The Initial Attorney-Client Retention*

8.      The Defendant, Mr. Flanders, is an attorney at law, licensed to practice in the State of Texas, and Mr. Flanders is also admitted to practice before the United States Patent & Trademark Office ("USPTO").

9.      The initial attorney-client contacts between the Plaintiff and Defendant occurred in the fall of 2000, when the attorney-client relationship began.  Mr. Sanders, the inventor, conferred with Mr. Flanders, a patent attorney, about the Plaintiff's invention, which related to a tablet or solid that could be added to water to produce a effervescent mouth wash with certain unique properties.

10.     After the attorney-client relationship was established, the Plaintiff inventor provided the Defendant patent attorney with information regarding his invention via emails, letters, memos, and telephone calls.  The Plaintiff included in his descriptions of the invention the method of making and the ingredients to be used in the effervescent mouthwash tablets, such as green tea, sodium bicarbonate, citric acid, sodium benzoate, sorbitol, EDTA and mint color in certain specified proportions and percentages.  Samples and packets of ingredients were also provided to the Defendant patent attorney after the attorney-client relationship was established.

11.     The invention is novel compared to known systems and compositions at the time because it was a tablet form or solid that can be placed in water (or another liquid) to provide the user with the benefits of an effervescent mouthwash, including the health benefits of a dental wash, a mouth freshener, and supplemental health benefits of "green tea."  By providing the invention in a tablet or powder form, various conveniences can be achieved over pre-prepared liquid mouthwashes.  For example, travelers can avoid the need to pack liquid mouthwash in

their luggage, which can avoid liquid leaks into the luggage, and allow an air traveler to have the benefits of a mouthwash while avoiding the liquid volume restrictions (maximum 3 oz.) set by airport screening security agencies (e.g. TSA agency). Further, campers, scouts, and combat soldiers in the field can obtain the benefits of a mouthwash by simply combining tablet or solid with water or liquid.

### *The First Patent Application*

12.    The Defendant patent attorney prepared an initial draft patent application on or around March 22, 2001, with a file identification of EMS 0101. EMS in the Defendant's file name identifies the initials of the Plaintiff, Eric M. Sanders.

13.    Additional information was provided by the Plaintiff inventor to the Defendant patent attorney after the preparation of this first draft application, which was incorporated into a revised draft patent application on or around May 5, 2001. This revised draft patent application was given a file identification of EMS 0102. This revised draft patent application included amendments to the claimed invention made by the Defendant patent attorney.

14.    Additional information was provided by the Plaintiff inventor to the Defendant patent attorney after the preparation of this second draft application, which was incorporated into a revised draft patent application on or around July 12, 2001. The draft application was approximately 20 pages in length, and given a file identifier of EMS 0103. The EMS 103 draft included additional information provided by the inventor, revisions to the earlier drafts, and amendments to the claimed invention.

15.    The Defendant patent attorney prepared a billing statement to the Defendant on Aug. 30, 2001 requesting a payment on a balance due of $3355.00.

Original Complaint

16.    The Plaintiff inventor signed an inventor's declaration on or around Sept 20, 2001 related to the invention disclosed in the EMS 103 draft application.

17.    The Defendant patent attorney filed a first patent application for Mr. Sanders on October 15, 2001, and the patent application was given a Serial No. 09/977,079 by the United States Patent & Trademark Office (USPTO).

18.    The application as filed on October 15, 2001 was not a complete patent application filing because it did not include all necessary documents and fees.

19.    The USPTO issued a Notice of Missing Parts to the Defendant patent attorney, which was mailed to the Defendant patent attorney on November 15, 2001.  As received by the Defendant patent attorney, specific additional documents and/or fees were identified by the USPTO to the Defendant patent attorney as being needed to complete the patent application filing.

20.    Despite knowing about the need to provide additional documents and/or fees to complete the patent application, the Defendant patent attorney failed to provide such additional documents and/or fees to the USPTO.

21.    The patent application filed on October 15, 2001, was abandoned as incomplete application on January 16, 2002 because the Defendant patent attorney failed to provide the necessary additional documents and/or fees.

22.    The Defendant patent attorney never notified Plaintiff inventor about the receipt of the Notice of Missing Parts, the need to supplement the application to satisfy the Notice of Missing Parts, the abandonment of the patent application, or the receipt of the Notice of Abandonment.

23.     In fact, the Defendant patent attorney purposefully gave the false impression to the Plaintiff inventor for eight years that this first patent application, filed October 15, 2001, was a pending and active application being examined by the USPTO until the Plaintiff inventor confronted the Defendant patent attorney with the Plaintiff's discovery (on or around August 31, 2009) that this initial patent application, as well as five other applications filed subsequently, were all abandoned patent applications not pending at the USPTO or being examined by the USPTO.

### *Updates Requested, Abandonment Concealed*

24.     From 2002 through 2004, the Plaintiff inventor continued to correspond with the Defendant patent attorney, and the inventor would explicitly request an update on the status of the pending cases and subsequent applications being prepared by the Defendant patent attorney.

25.     For example, on February 1, 2003, the Plaintiff inventor sent the Defendant patent attorney the following communication: "I would like to get a payoff amount from you so we can wrap the patent process up.  If you could get that $$ amount, I will mail a check off. Hope all is well and I would like to see any updates you made."

26.     The Defendant patent attorney prepared a billing statement to the Plaintiff inventor on June 19, 2004 with a balance due of $2755.00.

27.     In response to these communications, the Defendant patent attorney continued to purposefully give the false impression to the Plaintiff inventor that the initial patent application, filed October 15, 2001, was a pending and active application being examined by the USPTO. Even though given an opportunity to disclose the true status of the application, the Defendant patent attorney never notified Plaintiff inventor about the abandonment of the initial patent application or the receipt of the notice of abandonment regarding that application.

6

Original Complaint

28.     In fact, on November 8, 2004, the Defendant patent attorney communicated to the Plaintiff inventor that he was not available to go on a business trip with the inventor, and specifically stated "we have a case filed and I have written it with the idea in mind that from it other cases may be filed to provide specific coverage as you approach the various commercial embodiments."   The Defendant's concealment of the patent application abandonment (as of January 16, 2002) is shown by the November 8, 2004 statement, "we have a case filed."

### *The Second Patent Application*

29.     Additional information was provided by the Plaintiff inventor to the Defendant patent attorney from 2002 through 2004, which was incorporated into a second patent application.  The draft application was 41 pages in length, and given a file identifier of EMS 0401.  The EMS 401 draft application included additional information provided by the inventor, revisions to the earlier drafts, and amendments to the claimed invention.

30.     The Plaintiff inventor signed an inventor's declaration on or around November 1, 2004 related to the invention disclosed in the EMS 401 draft application.

31.     The Defendant patent attorney prepared a billing statement to the Plaintiff inventor on November 15, 2004, requesting payment of a balance due of $1755.00.

32.     The Defendant patent attorney filed the second patent application for Mr. Sanders on November 22, 2004, and the patent application was given a Serial No. 10/944,187 by the United States Patent & Trademark Office (USPTO).

33.     The USPTO issued a Notice of Missing Parts to the Defendant patent attorney, which was mailed to the Defendant patent attorney on March 10, 2005.  As received by the Defendant patent attorney, specific additional documents and/or fees were identified by the

7

USPTO to the Defendant patent attorney as being needed to complete the patent application filing.

34.     Despite knowing about the need to provide additional documents and/or fees to complete the patent application, the Defendant patent attorney failed to provide such additional documents and/or fees to the USPTO.

35.     The second patent application filed on November 22, 2004, was abandoned as incomplete application May 10, 2005 because the Defendant patent attorney failed to provide the necessary additional documents and/or fees.

36.     A Notice of Abandonment was mailed by the USPTO to the Defendant patent attorney on November 15, 2005.

37.     The Defendant patent attorney prepared a billing statement to the Plaintiff inventor on December 31, 2004, requesting payment of a balance due of $3345.00.

38.     The Defendant patent attorney never notified Plaintiff inventor of receipt of Notice of Missing Parts, the need to supplement the application to satisfy the Notice of Missing Parts, the abandonment of the second patent application, or the receipt of the Notice of Abandonment.  In fact, the Defendant patent attorney purposefully gave the false impression to the Plaintiff inventor for years that this patent application, filed November 22, 2004, was a pending and active application being examined by the USPTO until the Plaintiff inventor confronted the Defendant patent attorney with the Plaintiff's discovery (on or around August 31, 2009) that this second patent application, as well as five other applications filed by the Defendant, were all abandoned patent applications not pending at the USPTO or being examined by the USPTO.

### *The Third Patent Application*

8

39.     Additional information was provided by the Plaintiff inventor to the Defendant patent attorney after 2004, which was incorporated into a third patent application.  The third application included additional information provided by the inventor, revisions to the earlier drafts, and amendments to the claimed invention.

40.     The Defendant patent attorney filed the third patent application for Mr. Sanders on December 5, 2005, and the patent application was given a Serial No. 11/294,753 by the United States Patent & Trademark Office (USPTO).

41.     The USPTO issued a Notice of Missing Parts to the Defendant patent attorney, which was mailed to the Defendant patent attorney on January 11, 2006.  As received by the Defendant patent attorney, specific additional documents and/or fees were identified by the USPTO to the Defendant patent attorney as being needed to complete the patent application filing.

42.     Despite knowing about the need to provide additional documents and/or fees to complete the patent application, the Defendant patent attorney failed to provide such additional documents and/or fees to the USPTO.

43.     The patent application filed on December 5, 2005, was abandoned as incomplete application on March 14, 2006 because the Defendant patent attorney failed to provide the necessary additional documents and/or fees.

44.     A Notice of Abandonment was mailed by the USPTO to the Defendant patent attorney.

45.     The Defendant patent attorney never notified Plaintiff inventor of receipt of Notice of Missing Parts, the need to supplement the application to satisfy the Notice of Missing Parts, the abandonment of the patent application, or the receipt of the Notice of Abandonment.

Original Complaint

In fact, the Defendant patent attorney purposefully gave the false impression to the Plaintiff inventor for years that this third patent application, filed December 5, 2005, was a pending and active application being examined by the USPTO until the Plaintiff inventor confronted the Defendant patent attorney with the Plaintiff's discovery (on or around August 31, 2009) that this third patent application, as well as five other applications filed by the Defendant, were all abandoned patent applications not pending at the USPTO or being examined by the USPTO.

### *The Fourth Patent Application*

46.    Additional information was provided by the Plaintiff inventor to the Defendant patent attorney after 2005, which was incorporated into a fourth patent application.  The fourth application was given the file number EMS 0601, and included additional information provided by the inventor, revisions to the earlier drafts, and amendments to the claimed invention.

47.    The Defendant patent attorney filed the fourth patent application for Mr. Sanders on May 26, 2006, and the patent application was given a Serial No. 11/440,573 by the United States Patent & Trademark Office (USPTO).

48.    The USPTO issued a Notice of Missing Parts to the Defendant patent attorney, which was mailed to the Defendant patent attorney on June 15, 2006.  As received by the Defendant patent attorney, specific additional documents and/or fees were identified to the Defendant patent attorney as being needed to complete the patent application filing.

49.    Despite knowing about the need to provide additional documents and/or fees to complete the patent application, the Defendant patent attorney failed to provide such necessary documents and/or fees to the USPTO.

Original Complaint

50.    The patent application filed on May 26, 2006 was abandoned as incomplete application on August 16, 2006 because the Defendant patent attorney failed to provide the necessary additional documents and/or fees.

51.    A Notice of Abandonment was mailed by the USPTO to the Defendant patent attorney on February 22, 2007.

52.    The Defendant patent attorney never notified Plaintiff inventor of receipt of Notice of Missing Parts, the need to supplement the application to satisfy the Notice of Missing Parts, the abandonment of the patent application, or the receipt of the Notice of Abandonment. In fact, the Defendant patent attorney purposefully gave the false impression to the Plaintiff inventor for years that this fourth patent application, filed May 26, 2006, was a pending and active application being examined by the USPTO until the Plaintiff inventor confronted the Defendant patent attorney with the Plaintiff's discovery (on or around August 31, 2009) that this fourth patent application, as well as five other applications filed by the Defendant, were all abandoned patent applications not pending at the USPTO or being examined by the USPTO.

### *The Fifth Patent Application*

53.    Additional information was provided by the Plaintiff inventor to the Defendant patent attorney after 2005 including regarding "phytochemicals," "flavonoids and flavanols," "polyphenols," and "antimicrobial agents," which was incorporated into a fifth patent application.   The fifth application was given file no. EMS 0602, and included additional information provided by the inventor, revisions to the earlier drafts, and amendments to the claimed invention.

54. The Defendant patent attorney filed the fifth patent application for Mr. Sanders on August 4, 2006, and the patent application was given a Serial No. 11/499,918 by the United States Patent & Trademark Office (USPTO).

55. The USPTO issued a Notice of Missing Parts to the Defendant patent attorney, which was mailed to the Defendant patent attorney on or around August 15, 2006. As received by the Defendant patent attorney, specific additional documents and/or fees were identified by the USPTO to the Defendant patent attorney as being needed to complete the patent application filing.

56. Despite knowing about the need to provide additional documents and/or fees to complete the patent application, the Defendant patent attorney failed to provide such additional documents and/or fees to the USPTO.

57. The fifth patent application filed on August 4, 2006 was abandoned as incomplete application on October 16, 2006 because the Defendant patent attorney failed to provide the necessary additional documents and/or fees.

58. A Notice of Abandonment was mailed by the USPTO to the Defendant patent attorney.

59. The Defendant patent attorney never notified Plaintiff inventor of receipt of Notice of Missing Parts, the need to supplement the application to satisfy the Notice of Missing Parts, the abandonment of the patent application, or the receipt of the Notice of Abandonment. In fact, the Defendant patent attorney purposefully gave the false impression to the Plaintiff inventor for years that this fifth patent application, filed August 4, 2006, was a pending and active application being examined by the USPTO until the Plaintiff inventor confronted the Defendant patent attorney with the Plaintiff's discovery (on or around August 31, 2009) that this

12

fifth patent application, as well as five other applications filed by the Defendant, were all abandoned patent applications not pending at the USPTO or being examined by the USPTO.

### *The Sixth Patent Application*

60.     Additional information was provided by the Plaintiff inventor to the Defendant patent attorney after 2005 including "white tea," "camellia siensis ('tea')," and "pet and animal market," which was incorporated into a sixth patent application.  The sixth application was included additional information provided by the inventor, revisions to the earlier drafts, and amendments to the claimed invention.

61.     The Defendant patent attorney filed the sixth patent application for Mr. Sanders on March 9, 2007, and the patent application was given a Serial No. 11/716,533 by the United States Patent & Trademark Office (USPTO).

62.     The USPTO issued a Notice of Missing Parts to the Defendant patent attorney, which was mailed to the Defendant patent attorney on or around March 28, 2007.  As received by the Defendant patent attorney, specific additional documents and/or fees were identified by the USPTO to the Defendant patent attorney as being needed to complete the patent application filing.

63.     Despite knowing about the need to provide additional documents and/or fees to complete the patent application, the Defendant patent attorney failed to provide such requested documents and/or fees to the USPTO.

64.     The patent application filed on March 9, 2007 was abandoned as incomplete application on May 30, 2007 because the Defendant patent attorney failed to provide the necessary additional documents and/or fees.

Original Complaint

65.     A Notice of Abandonment was mailed by the USPTO to the Defendant patent attorney on December 3, 2007.

66.     The Defendant patent attorney never notified Plaintiff inventor of receipt of Notice of Missing Parts, the need to supplement the application to satisfy the Notice of Missing Parts, the abandonment of the patent application, or the receipt of the Notice of Abandonment.

67.     In fact, the Defendant patent attorney purposefully gave the false impression to the Plaintiff inventor for years that this sixth patent application, filed March 9, 2007, was a pending and active application being examined by the USPTO until the Plaintiff inventor confronted the Defendant patent attorney with the Plaintiff's discovery (on or around August 31, 2009) that this sixth patent application, as well as five other applications filed by the Defendant, were all abandoned patent applications not pending at the USPTO or being examined by the USPTO.

### *Draft of Seventh Patent Application – Never Filed*

68.     On or around April 19, 2007, the Defendant patent attorney recommended that "We should file a patent application covering your packaging and vessels."

69.     After receiving further information from inventor regarding the packaging and vessels that could be used with the prior-filed inventions, the Defendant incorporated that additional information into a draft patent application, entitled "Packaging," which was given a file number EMS 0702.

70.     There is no indication that this patent application was ever filed, and there is no evidence that the Defendant patent attorney notified the Plaintiff inventor that the EMS 0702 patent application was never filed or was not pending at the USPTO.

Original Complaint

71.     On February 1, 2008, the Plaintiff inventor sent the Defendant patent attorney a communication that read: "I wanted to follow up to see if you have heard anything on the main patent or any of the other patents we have submitted? Also, want to make sure we have some items covered in the all the patents except the packaging patent," and indicated that "Items need to be associated with each patent (mouthwash, probiotics) 1. Form – tablet, powder, gel caps and gum, 2. green and white tea associated with each patent, 3. Vitamins and minerals associated with each patent."

72.     On February 1, 2008, the Plaintiff inventor sent a communication to the Defendant patent attorney asking the questions "Where do we stand on getting the probiotic patent submitted?" and "What is my bill adding up to these days?"

73.     Between February and June of 2008, the Plaintiff inventor sent communications to the Defendant patent attorney indicating that his desire to "add to the mouthwash case the use of calcium chloride for reminerialization of the teeth and enamel," and his desire to not re-file pending mouthwash cases with this additional reminerialization concept, but to add that reminerialization concept to any "patent issued and ammend (sic) the patent to strengthen it further."

74.     Despite exhibiting a clear belief that up to seven patent applications were pending before the USPTO and being examined, the Plaintiff inventor was never notified of the abandonment of his patent applications by the Defendant patent attorney or the non-filing of any applications.

75.     Inventor did not find out abandoned status of this application until on or around August 30, 2009, when the inventor contacted the USPTO directly and discovered the abandoned status for the first time on or around August 30, 2009.

Original Complaint

76.     The abandonment of six filed patent applications dating back as early as a 2001 patent application filing was concealed by the Defendant patent attorney.

77.     The non-filing of a seventh patent application was also concealed from the Plaintiff inventor by the Defendant patent attorney.

78.     The Defendant patent attorney only acknowledged the abandoned status of these patent applications after being confronted by the Plaintiff inventor on August 31, 2009, after the Plaintiff inventor's first discovery of the abandonment of these patent application directly from the USPTO on or around August 31, 2009.

79.     The Defendant patent attorney has admitted that he never fully and completely informed the client about his strategy of filing patent applications and allowing them to go abandoned and unexamined.

80.     In the course of the representation, the Defendant patent attorney failed to carry out his legal obligations to the Plaintiff inventor in at least the following particulars, each or any one of which was the proximate cause of Plaintiff's damages, as follows:

(a)     Failing to take proper and lawful means to timely file a complete patent application, such that original and all subsequent patents went abandoned, failed to be examined by the USPTO, and were precluded any and all opportunity to become a fully issued United States patent;

(b)     Failing to take proper and lawful means to timely respond to notices of deficiency, Notices of Missing Parts, or Notices of Abandonment, such that original and all subsequent patents went abandoned, failed to be examined by the USPTO, and were precluded any and all opportunity to become a fully issued United States patent;

Original Complaint

(c)    Failing to take proper and lawful means to timely file and prosecute Plaintiff's patent application, such that each invention covered by each of the Defendants' prepared patent application went abandoned, failed to be examined by the USPTO, and were precluded any and all opportunity to become a fully issued United States patent;

(d)    Failing to represent the Plaintiff inventor's interest fully, adequately and competently in the filing and prosecution of the patent applications, including the failure to properly file a complete application, failure to respond to notices of deficiency (e.g. Notices of Missing Parts), failure to avoid abandonment of the filed patent applications, failure to inform the client of the true status of his patent applications, concealment from the client of the true status of his patent applications, misrepresenting to the client the true status of his patent applications;

(e)    Failing to adequately prepare and prosecute the patent applications before the USPTO;

(f)    Failing to avoid abandonment of the filed patent applications before the USPTO;

(g)    Failing to inform the client of the true status of his patent applications, including the status of these applications as not pending and abandoned before the USPTO, and the mistakes made by the Defendant in failing to file a complete patent application and/or not responding to notices of deficiency (notice of missing parts);

Original Complaint

(h)     Concealing from the client the true status of patent applications, including the status of these applications as not pending and abandoned before the USPTO, and the mistakes made by the Defendant in failing to file a complete patent application and/or not responding to notices of deficiency (notice of missing parts);

(i)     Failing to inform Plaintiff of the Defendants' mistakes and negligent acts and omissions, despite having a fiduciary duty to do so; and,

(j)     Making misrepresentations to the Plaintiff inventor, including (but not limited to) misrepresenting to the client the true status of his patent applications as being a pending, not abandoned, matter before the USPTO.

81.     The Defendant patent attorney's conduct was below the standard of care applicable to attorneys at law representing clients in similar matters.  Defendant also breached his fiduciary duty to the Plaintiff.  As a proximate result of the Defendants negligence, malpractice, negligent misrepresentation, and breach of fiduciary duties, the Plaintiff inventor has suffered damages in excess of the case and controversy limits set by Title 28.

**COUNT I**
**Legal Malpractice, Professional Negligence and**
**Negligent Misrepresentation**

82.     Plaintiff repeats and realleges the allegations of paragraphs 1-81 as if fully set forth herein.

83.     Defendant's acts and omissions as pleaded above constitute legal malpractice and professional negligence, and negligent misrepresentations, each of which acts or omissions was the proximate cause of the Plaintiff's loss of an opportunity to obtain an issued U.S. Patent.

Original Complaint

Legal malpractice and professional negligence includes claims of simple negligence and negligence per se.

84.     The negligent misrepresentations to the client include, specifically, the concealment and misrepresentations regarding the true status of the patent applications (abandoned) from the client as specifically identified and pled herein.

85.     By reason thereof, the Plaintiff has suffered damages, and the Defendant is liable for all of the Plaintiff's damages.

### COUNT II
### Breach of Fiduciary Duty

86.     Plaintiff repeats and realleges the allegations of paragraphs 1-81 as if fully set forth herein.

87.     Defendant's conduct, as herein alleged, constitutes a breach of his fiduciary duty owed to the Plaintiff, which was the proximate cause of Plaintiff's loss of an opportunity to obtain an issued U.S. Patent.

88.     By reason thereof, the Plaintiff has suffered damages, and the Defendant is liable for all of the Plaintiff's damages.

### COUNT III
### Gross Negligence

89.     Plaintiff repeats and realleges the allegations of paragraphs 1-81 as if fully set forth herein.

90.     Defendant's acts and omissions, as pleaded above, constitute gross and willful negligence and a breach of his fiduciary duties as a lawyer, each of was the proximate cause of Plaintiff's loss of an opportunity to obtain an issued U.S. Patent.

Original Complaint

91.     As specifically pled herein, Defendant deliberately failed to properly file and prosecute the subject patent applications, failed to respond to notice of deficiency, failed to avoid abandonment of the patent applications, failed to notify the Plaintiff of the true status of the patent application (abandoned), concealed the true status of the patent applications (abandoned) from the client, and misrepresented the status of the patent applications as being one or more pending patent applications subject to examination at the USPTO when those applications were, in fact, abandoned by the acts and omissions of the Defendant patent attorney.

92.     The Defendants actions during his representation of the Plaintiff constituted wanton and deliberate conduct that warrants the imposition of exemplary damages, in addition to the Plaintiffs actual damages.

93.     By reason thereof, the Plaintiff has suffered damages, and the Defendant is liable for all of the Plaintiff's damages.

**WHEREFORE**, Plaintiff prays for judgment as follows:

(i)     Adjudge the Defendants to have committed legal malpractice, professional negligence, negligent misrepresentation, breach of fiduciary duty, and gross negligence,

(ii)    Award the Plaintiff damages suffered as a result of Defendants' acts of legal malpractice, professional negligence, negligent misrepresentation, breach of fiduciary duty, and gross negligence,

(iii)   Award the Plaintiff exemplary damages for the Defendants' acts of legal malpractice, professional negligence, negligent misrepresentation, breach of fiduciary duty, and gross negligence,

20

Original Complaint

(iv)   In addition to damages, award Plaintiff all costs, expenses, and attorney's fees that Plaintiff incurred in prosecuting this claim;

(v)    Award Plaintiff pre-judgment and post-judgment interest on any and all monetary awards; and

(vi)   Award such other and further relief that the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable in this Action.

Respectfully submitted,

D. Scott Hemingway
Attorney-in-Charge
Texas Bar No. 09407880
Eugenia S. Hansen
Hemingway & Hansen, LLP
1717 Main Street, Suite 2500
Dallas, Texas 75201
Ph: (214) 292-8301
Fax: (214) 739-5209
**Attorneys for**
**Plaintiff Eric M. Sanders**

Original Complaint

℀JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Eric M. Sanders

**DEFENDANTS**

Harold H. Flanders

3-09CV2336-N

**(b)** County of Residence of First Listed Plaintiff   Cherokee, GA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Williamson, Texas
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

D. Scott Hemingway, Hemingway & Hansen, LLP, 1717 Main Street, Ste. 2500, Dallas, Texas 75201 (214)292-8301

Attorneys (If Known)

0126PM

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question (U.S. Government Not a Party) |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | Appeal to District |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
35 U.S.C. Section 101, et seq.

Brief description of cause:
Legal Malpractice based on Patent Prosecution at the United States Patent & Trademark Office

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
12/08/2009

SIGNATURE OF ATTORNEY OF RECORD
D. Scott Hemingway

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE